UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

UNITED STATES OF AMERICA                                                        PLAINTIFF

v.                                                          CRIMINAL NO. 4:21-CR-18-JHM

CHRISTOPHER BERTOLETT                                          DEFENDANT

**PRETRIAL MEMORANDUM**
*--Filed Electronically--*

The United States of America, by counsel, Assistant United States Attorney Raymond D. McGee, submits this Pretrial Memorandum to assist the Court in presiding over this trial.

### I. STATUTES INVOLVED AND ELEMENTS OF THE OFFENSE

On June 9, 2021, a federal grand jury sitting in Owensboro, Kentucky, charged Christopher Bertolett in a four-count Indictment. The corresponding statutes and elements are listed below.

**A.**     **Count 1 – Online Enticement of a Minor - 18 U.S.C. 2422(b).**

*First*: That the defendant knowingly persuaded, induced, enticed, or coerced an individual under the age of 18 to engage in unlawful sexual activity;

*Second:* That the defendant used a means or facility of interstate commerce to do so; and

*Third*: That the defendant knew the individual was under the age of 18.

Citation: *Pattern Crim. Jury Instr. 6th Cir.* 16.09 (2019).

Under Kentucky law, "unlawful sexual activity" includes a person being 21 years old or more engaging in sexual intercourse, deviate sexual intercourse, or sexual contact with another person less than 16 years old. KRS 510.060(1)(b), 510.090(1)(b) and 510.110(1)(c).

"using a means or facility of interstate commerce" includes using the internet or the telephone. *Pattern Crim. Jury Instr. 6th Cir.* 16.09 (2019).

It is not necessary that the government prove that the sexual activity occurred. *Pattern Crim. Jury Instr. 6th Cir.* 16.09 (2019).

**B.     Count 2 – Transfer of Obscene Matter - 18 U.S.C. 1470.**

*First:* That the defendant knowingly transferred matter using a facility or means of interstate commerce;

*Second*: That such matter transferred by the defendant was obscene:

*Third*: That the defendant attempted to transfer such obscene matter to another person who had not attained the age of 16 years; and

*Fourth*: That the defendant knew that such individual had not attained the age of 16 years.

**C.     Count 3 – Production of Child Pornography - 18 U.S.C. 2251(a) and 2251(e).**

*First*: That the defendant persuaded, induced, enticed, coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

*Second*: That the defendant knew and had reason to know that the visual depiction would be transmitted using any means or facility of interstate commerce.

The term "minor" means any person under the age of 18 years. [It is not necessary that the government prove that the defendant knew the person depicted [to be depicted] was a minor.

The term "for the purpose of" means that the defendant acted with the intent to create visual depictions of sexually explicit conduct, and that the defendant knew the character and content of the visual depictions.

The term "sexually explicit conduct" means actual or simulated lascivious exhibition of the genitals or pubic area of a person. In deciding whether an exhibition is lascivious, you may consider these six factors: (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the visual depiction is intended or

designed to elicit a sexual response in the viewer. This list is not exhaustive, and an image need not satisfy any single factor to be deemed lascivious. Instead, you must determine whether the visual depiction is lascivious based on its overall content. It is for you to decide the weight or lack of weight to be given any of these factors.

The term "producing" means not only producing but also making, creating, directing, manufacturing, issuing, publishing, or advertising.

The term "visual depiction" includes:

— data stored on computer disk or by electronic means which is capable of conversion into a visual image.

— data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

The term "in interstate commerce" means the visual depiction would cross a state line.

The term "means or facility of interstate commerce" includes the internet or the telephone.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

It is not necessary that the government prove that the defendant took the pictures.

D. **Count 4 – Interstate Travel to Engage in Illegal Sexual Activity - 18 U.S.C. 2423(b).**

*First*: That the defendant traveled in interstate commerce; and

*Second*: That the defendant did so with intent to engage in illicit sexual conduct.

The term "illicit sexual conduct" includes knowingly engaging in a sexual act with another person who has attained the age of 12 years but has not attained the age of 16 years. (18 U.S.C. 2243(a))

The term "in interstate commerce" means the defendant traveled across a state line.

The government is not required to prove that the defendant took any steps to entice, coerce, or persuade the person under 18 years of age to engage in sexual conduct

## II. STATEMENT OF DISPUTED AND UNDISPUTED FACTS

On May 10, 2021, Bertolett was arrested by the Owensboro Police Department (hereafter OPD) after he travelled from Missouri to Owensboro, Kentucky in order to engage in sexual activity with a minor. The next day, the United States Secret Service (hereafter USSS) joined the investigation.

On May 10, 2021, the investigation began when the minor victim's mother called the Davies County Sheriff's Department (hereafter DCSO) and reported that her daughter, age 14, had sneaked out of their house the night before. She advised that her daughter met an adult male who transported her to a hotel room they engaged in sexual intercourse. The mother took the victim to the Emergency Room at Owensboro Regional Hospital for a medical examination. OPD officers contacted the victim at the hospital.

According to law enforcement officials, the victim provided the following information:

a. She met an adult male online on an app called "Say Hi." The adult male's name was Chris and he told her he lived in St. Louis, Missouri. The two had been communicating online since January 2021. She told Chris she was 14 during their online communications.

b. Chris told her he was coming to Owensboro and wanted to meet her. She gave him her home address. In the early morning hours of May 10, 2021, Chris sent her a message when he arrived at her house. She sneaked out of the house and met him.

c. He was driving a white 4 door rental car. She described the clothes he was wearing and that he kissed her upon meeting.

d. When she got in the car, Chris picked up a black gun in a holster and moved it. When he moved the gun, he said, "Sorry, I know you do not like guns."

    e.    They drove to the Fairfield Inn on Salem Dr. in Owensboro. After arriving at the hotel, Chris went in first and got a room. She followed a short time later. They went up the elevator separately and met at room 410.

    f.    Once inside the room, Chris removed her clothes. The two engaged in sexual activities including him digitally penetrating her, oral sex, and intercourse. When they were finished, Chris took the girl home. He told her he was going to stay another night and the two were to meet again.

OPD officers spoke with the front desk employee at the Fairfield Inn. An adult male named "Chris" had just checked out. An officer located the adult male nearby. He was identified as Chris Bertolett from St. Louis, MO. A white rental car was in his possession, and he matched the physical description of the perpetrator. Bertolett stated he stayed the night alone, and had a rental car. A picture of Bertolett's operator's license was shown to the victim. She positively identified him as the perpetrator. Officers observed a male matching the physical description accessing a car matching the victim's description of the car. The officer addressed the male who answered to the name of Chris and advised he was from St. Louis, MO. The date of birth on his driver's licensed verified that he was born in 1967 and resided in St. Louis.

Bertolett was arrested. After initially requesting an attorney, he asked to talk to the investigating OPD detective. He was advised by the detective that he had requested a lawyer and would not be asked more questions. Bertolett then asked what were his charges, and the detective advised rape and sodomy. Bertolett uttered the words "consensual becomes rape."

OPD obtained a state search warrant for Bertolett's vehicle, a white 2020 Chevrolet Malibu, 4 door, with Missouri plates CV3D5P located in the parking lot of Fairfield Inn. A

search of the vehicle revealed a box of condoms, a Fairfield Inn room receipt, a Sig Sauer 9mm handgun, a magazine containing 9mm bullets, a black hooded sweatshirt, an Apple iPad tablet, and a Asus laptop computer.

Bertolett was in possession of an Apple iPhone at the time of his arrest. OPD obtained a search warrant for the phone, his iPad tablet, and laptop computer. Data on the phone confirmed that Bertolett had been communicating with the victim on the "Say Hi" app beginning in January 2021. The victim's age on the app was reported to be 15 years old, while Bertolett's reported age was 53 years old. Communications were located where Bertolett requested sexually explicit pictures of the victim. Sexually explicit images of the victim were located on Bertolett's phone.

OPD obtained a state search warrant for Bertolett's hotel room at the Fairfield Inn. Hotel surveillance video confirmed that both Bertolett and the victim entered the hotel in the manner stated by the victim. A discarded condom and wrapper were located in the hotel room.

### III. UNRESOLVED SUBSTANTIVE ISSUES OF LAW

The United States is not aware of any unresolved substantive issues of law.

### IV. EVIDENTIARY ISSUES

**Jencks**

The United States will provide *Jencks* material to the defense prior to the witness' testimony.

**Technology**

The United States plans to make use of multimedia technology to present its case. Particularly, the government plans to use audio/video technology to present both demonstrative and direct evidence at trial.

**Forensic Extractions**

The United States provides notice to the defense of its intent to utilize a Fed. R. Evid. 702 witness. The United States will call witnesses to testify regarding the forensic extraction of data from Bertolett's electronic devices as well as the extraction of data from the devices searched and seized. An initial forensic exam of the devices was conducted by OPD officer Chris Brown. A digital forensic examination of Bertollet's iPhone was conducted by Michael Littrell, Ph.D formerly of the Cyber Crimes Branch of the Kentucky Office of the Attorney General. The examination of the device yielded more than 15,500 messages exchanged between Bertolett and the victim between January 31, 2021 and May 10, 2021 through the "SayHi" app. Approximately 800 deleted messages were recovered which took place between May 2, 2021 and May 10, 2021. The examiner located requests for sexually explicit depictions of the victim by Bertolett. He also located booking evidence for the hotel stay in Owensboro along with location evidence of Bertolett's whereabouts the prior to, and on the day he traveled to Owensboro. The government will provide a thumb drive containing the messages extracted from the forensic report of Bertolett's phone. Visual depictions will be made available for viewing by defense counsel.

Because the jury may want to view the entire report, the United States asks that the jurors be provided a computer during their deliberations to enable them to view the entire forensic report.

If the Court notifies the government that this is not feasible, the government may be able to provide a laptop to the jury for the sole purpose of reviewing digital evidence presented by the government.

The United States provides notice to the defense that it may utilize a Fed. R. Evid. 702 witness regarding a medical visit of defendant which was referenced in discovery taking place on May 11, 2021 at the Owensboro Health Regional Hospital.

## V. OTHER TRIAL ISSUES

The United States advises that it intends to rely upon the electronic capabilities of the courtroom for presentations.

## VI. PROPOSED JURY INSTRUCTIONS

The United States will file simultaneously with this pretrial memorandum, proposed jury instructions.

## VII. PROPOSED VOIR DIRE QUESTIONS

The United States will file simultaneously with this pretrial memorandum, proposed jury instructions.

## VIII. EXHIBIT LIST

The United States will file a formal exhibit list prior to trial. The United States provides notice that the list of exhibits will include, but is not limited to, the following:

1. Messages, photos, and data from seized devices;

2. Photographs taken by OPD of various crime scenes and evidence;

3. Bertolett driver's license photo;

4. Fairfield Inn surveillance video;

5. Evidence located in Bertolett's Fairfield Inn room, including, but not limited to Trojan condom wrapper and condom or pictures of such evidence;

6. Evidence located in Bertolett's rental vehicle, including, but not limited to one box of Trojan condoms located in duffle bag of trunk of car;

7. Fairfield Inn receipt and documents;

8. Firearm, magazine, and ammunition.

9. Seized electronic devices, including, but not limited to iPhone, iPad, and computer;

10. Subpoenaed records from Hertz Rental Car, Fairfield Inn, and American Express;

11. CV of Michael Littrel;

12. Owensboro Health Regional Hospital medical record;

13. DCDC jail message recordings;

Respectfully submitted,

MICHAEL A. BENNETT
Acting United States Attorney

s/ *Raymond D. McGee*
Raymond D. McGee
Assistant U.S. Attorney
501 Broadway, Room 29
Paducah, Kentucky  42001
Phone:  (270) 443-0189
Fax:     (270) 444-6794
Email:  Raymond.mcgee@usdoj.gov

## CERTIFICATE OF SERVICE

On August 1, 2022, I electronically filed this document through the ECF system, which will send a notice of electronic filing to all Counsel of record.

s/ *Raymond D. McGee*
Raymond D. McGee
Assistant United States Attorney
