UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

UNITED STATES OF AMERICA                                               PLAINTIFF

v.                                                    CRIMINAL NO. 4:21CR-00018-JHM
                                                                *Electronically Filed*

CHRISTOPHER BERTOLETT                                                  DEFENDANT

## PRELIMINARY ORDER OF FORFEITURE

This matter is before the Court for consideration of the United States' Motion for Preliminary Order of Forfeiture in this prosecution.

The Notice of Forfeiture in the Indictment notified the defendant of the United States' intention to seek forfeiture of certain property, pursuant to 18 U.S.C. § 1467, 18 U.S.C. § 2253 and 18 U.S.C. § 2428, on the ground that the property was involved in the commission of violations of 18 U.S.C. § 2422(b), 18 U.S.C. § 2423(b), 18 U.S.C. § 2251(a), 18 U.S.C. § 2251(e) and 18 U.S.C. § 1470. On August 25, 2022, the defendant pled guilty to Counts 1 through 4 of the Indictment, and pursuant to the plea agreement, agreed to forfeit the property described in the Notice of Forfeiture in the Indictment

Therefore, the Court having reviewed this matter and being otherwise sufficiently advised, **IT IS HEREBY ORDERED:**

(1) Based on the defendant's guilty plea to Counts 1 through 4 of the Indictment, the Court finds that the following property was involved in the commission of the violations, and therefore is forfeited to and may be seized by the United States for disposition in accordance with the law, under 18 U.S.C. § 1467, 18 U.S.C. § 2253 and 18 U.S.C. § 2428, and subject to the provisions of 21 U.S.C. § 853(n): **Apple iPhone 11 Pro Max, IMEI 353893105541792, SN: G6TCCATGN70H.**

(2) The United States, the United States Secret Service, or any duly authorized law enforcement agency (hereinafter "custodian") shall seize the property subject to forfeiture if not in its custody and shall maintain the property in its secure custody. If necessary, the custodian may appoint a substitute custodian.

(3) Pursuant to 21 U.S.C. § 853 and Rule G(4) of the Supplemental Rules, the custodian shall publish on the Internet at www.forfeiture.gov for 30 consecutive days: notice of this order, notice of the custodian's intent to dispose of the property in such a manner as the Attorney General may direct, and notice that any person, other than the defendant, who has or claims a legal interest in the above property must file a petition with this Court within thirty (30) days of the final publication date, receipt of actual notice, or within sixty (60) days of the first day of publication on the Internet, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, and interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. This notice shall also state that a copy of the petition must be served on the United States Attorney's Office, 717 West Broadway, Louisville, Kentucky 40202.

(4) The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is subject to this order of forfeiture.

(5) Pursuant to Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853(m), the United States is authorized to conduct appropriate discovery and to conduct any necessary ancillary proceedings as provided by 21 U.S.C. § 853(n) as to the rights of third parties who may have an interest in the property forfeited herein, or to identify any substitute assets as defined by 21 U.S.C. § 853(p).

(6) If, as a result of the adjudication of third party interests, it becomes necessary to initiate forfeiture proceedings under 21 U.S.C. § 853(p) regarding defendant's interest in substitute assets other than those listed in this order, the Court shall identify such substitute assets by entering an amended preliminary order of forfeiture, and at that time shall authorize appropriate additional discovery and ancillary proceedings regarding those assets.  Upon adjudication of all third party interests in the property identified by this order and any subsequent amended orders, this Court shall enter a final order of forfeiture authorizing the custodian to take title to any interest forfeited to the United States and allowing the custodian to dispose of the property in accordance with law, pursuant to Rule 32.2 and 21 U.S.C. § 853.

(7) This order shall be and is hereby fully incorporated and made part of the defendant's Judgment and Commitment, without further order of this Court, to be entered on or about sentencing of the defendant.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

October 31, 2022

Tendered by:
Raymond D. McGee
Assistant U.S. Attorney
501 Broadway, Room 29
Paducah, Kentucky 42001