UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| vs. | CRIMINAL ACTION NO. 4:21CR18-JHM |
| CHRISTOPHER BERTOLETT | DEFENDANT |

*-Electronically Filed-*
**SENTENCING MEMORANDUM**

The United States of America, by counsel, files this memorandum in support of sentencing which is currently scheduled for November 17, 2022. As previously disclosed to the United States Probation Office, the United States has reviewed the presentence investigation report (PSR) and has no objections. We do not anticipate calling any witnesses or there being any factual objections to the PSR. The victim (and her parents), wish to exercise their rights under the Crime Victims' Rights Act to address the Court during the sentencing hearing. Consistent with the Plea Agreement, the United States will ask the Court to impose a sentence at the lowest end of the application Guideline range.

**GUIDELINES CALCULATION**

The United States agrees with the offense conduct in the final PSR at paragraphs 24-48. (DN 49 at 9-11). The total offense level is correctly calculated at 42. *Id.* at 11. The United States also agrees with the criminal history calculation in the PSR. The Defendant has a criminal history score of zero resulting in a criminal history category I. *Id*. at 12. With a total offense level of 42 and a criminal history category I, the defendant's recommended Sentencing Guideline range is 360 months to life imprisonment. *Id*. at 16. He faces a combined mandatory minimum sentence of 15 years and combined maximum potential sentence of life.  *Id*. at 16.

**SENTENCING FACTORS**

The Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). The factors for the Court to consider when imposing a sentence include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed:

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
    . . .

(5) any pertinent policy statement--
    . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

When applying those factors to this case a sentence at the lowest-end of the resulting Guideline is sufficient, but no greater than necessary, to meet the objectives of 18 U.S.C. § 3553(a). Any further variances or departures are inappropriate.

Bertolett is a 54-year-old man who spent a significant part of his adult life in the United States Army. He stands convicted of very serious crimes involving the deliberate, calculated, repeated sexual exploitation of a 14-year-old girl. He sent her sexually explicit images of himself, engaged in online enticement, elicited sexually explicit images from her, and then traveled across state lines to meet her in person for sex. In the supply/demand scheme of child

sexual exploitation, Bertolett runs the gambit. He helps drive the child exploitation market. And, he also engages in direct exploitation.

His history and characteristics are mixed. Until recently, he had no criminal history. All the while he went through the motions of a law-abiding citizen, he was engaged in very serious child sexual exploitation. The teenager in Owensboro was not the only child with whom he engaged in online communications. Importantly, after his arrest, Bertolett took steps to contact the victim from jail, clearly demonstrating a disregard for our laws and interests in protecting children. This Court entered an emergency "no contact" Order – which the United States respectfully requests remain in place as part of the judgment entered in this action.

The recommended sentence set out in the Plea Agreement reflects the seriousness of the offense, promotes respect for the law and provides just punishment. The Agreement includes a recommended life term of Supervised Release. A combined sentence of 30 years in prison followed by a life term of Supervised Release serves as a deterrent to Bertolett and others who may contemplate similar conduct. It also protects the public from further crimes of the defendant. The recommended sentence does not run afoul of the need to avoid sentencing disparities, in light of individualized sentencing and is appropriate, especially in light of Bertolett's in-court and out-of-court behavior following his arrest (*e.g.*, attempts to contact the victim and exaggerated efforts to portray mental incompetence).

As noted in the PSR, this is a mandatory restitution case. The victim initially submitted a request, reflected in the PSR, for $10,000.00. An agreement between the parties has not been reached. And, based on recent communications from the victim's mother, the family may have additional requests to present to the Court.

## **CONCLUSION**

For the reasons set forth herein, the United States respectfully requests that the Court adopt the findings of the PSR, impose a sentence at the lowest end of the resulting Guideline range followed by a life term of supervised release, and enter an appropriate order of restitution – as determined by the Court.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

*/s/ Jo E. Lawless*
Jo E. Lawless
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 625-7065
(502) 582-5097 (Fax)

Certificate of Service

I hereby certify that a copy of the foregoing was sent by electronic transmission through the Court's ECF system to defense counsel on November 15, 2022.

*/s/ Jo E. Lawless*
Jo E. Lawless
Assistant United States Attorney